## DOSENBACH v. WEBSTER.

(Court of Appeals of District of Columbia. Submitted January 13, 1922. Decided February 6, 1922.)

### No. 1477.

Patents ⬸91(4)—Evidence held to show one party to interference did not conceive essential feature of invention.

In interference proceedings involving an invention of a process for concentrating copper ores, evidence *held* to show that the essential feature of the invention was the precipitation of copper in a metallic state to be thereafter separated by some known process, so that a party who, before the conception of the other, had conceived only the idea of separating the metallic copper from the ore by flotation, did not show a conception of the invention in issue.

⬸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Commissioner of Patents.

Interference proceedings between Benjamin H. Dosenbach and Milton F. Webster. From a decision of the Commissioner of Patents awarding priority to Webster, Dosenbach appeals. Affirmed.

John M. Coit and James A. Watson, both of Washington, D. C., and J. Edgar Bull, of New York City, for appellant.

Archibald Cox and Harry A. English, both of New York City, and William G. Henderson, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is in an interference proceeding in which the tribunals of the Patent Office concurred in awarding priority of invention to appellee Webster.

The invention in issue is set forth in eleven counts, the following two of which are illustrative:

"1. A concentration process comprising the operations of leaching the ore, precipitating the dissolved metal in the metallic state in the ore, and separating such precipitated metal from the ore by flotation.

"7. The process of extracting copper from its ore, comprising comminuting the ore, mixing the ore with a copper solvent, and precipitating the copper from the solvent in the form of metallic copper; and separating the metallic copper from the ore pulp by concentration."

The invention is described in the opinion of the Assistant Commissioner as follows:

"The subject-matter of this interference is a process for treating copper ores and particularly those known as oxide ores which are not susceptible of concentration by the flotation process commonly used with sulphide ores. The process consists in grinding the ore, treating the ground material with sulphuric acid to dissolve the copper values present in the ore, introducing metallic iron which combines with the copper sulphate, forming iron sulphate and precipitating the copper, and in separating the precipitated copper by concentration by gravity or by flotation."

Appellant Dosenbach claims to have conceived and reduced the invention to practice in November, 1914, while Webster claims to have conceived the idea of concentrating the ores and precipitating the dissolved metal into the pulp in October, 1914. The parties, however, seem to differ as to the real gist of the invention here involved. Dosenbach's conception seems to have been limited to the idea of separating the metallic copper from the ore by flotation, while Webster seems to have directed his energies toward the process of precipitating the copper in a metallic state to be separated by some known process. On this point we agree with the Commissioner that precipitation is the essential step in the invention and that "flotation might be replaced by some other method of concentration without destroying the process in issue."

We think, therefore, that Dosenbach has failed to show even conception of the essential feature of the invention in issue on the dates claimed by him. On the other hand, Webster's dates are well corroborated and his efforts were directed to the development of the invention of the issue. Indeed, the present contention of Dosenbach that separation by flotation constitutes the chief feature of the invention is not con-

sistent with his original specification wherein he seems to treat the matter of flotation as a secondary feature. In his specification he states:

"My process is not restricted to the use, or nonuse, or the use of any particular floating agent, and includes the operation regardless of whether the flotation be affected by the addition of frothing agents or by the properties imported to the pulp by the various salts formed in the leaching operation."

He also refers in his specification to affecting flotation "in any of the well-known forms of apparatus * * * or by means of jets" as illustrated in the prior art.

Without stopping to review the testimony, we are of the opinion that Webster, as unanimously found by the tribunals below, has clearly established his claim to priority.

The decision of the Commissioner is affirmed.

Affirmed.

Mr. Justice HOEHLING, of the Supreme Court of the District of Columbia, sat in the place of Mr. Chief Justice SMYTH in the hearing and determination of this appeal.

